[No. 7376.   Decided May 29, 1908.]

JAMES CROWLEY, SENIOR, *et al.*, *Plaintiffs and Appellants*, v.
GEORGE TAYLOR, *Defendant and Appellant*.[1]

TRIAL—CONDUCT OF JUDGE—COMMENTS.   The statement in an instruction to a jury that this is an action to recover money lost at gambling is not an unlawful comment on the evidence.

APPEAL—REVIEW—HARMLESS ERROR.   Where one of two defendants defaults, it is not prejudicial error to instruct the jury that he failed to answer and defaulted.

SAME—INSTRUCTIONS—GAMING.   In an action to recover money lost at gambling, the defendant cannot complain on appeal that the jury were restricted to the consideration of gambling at a certain place, as it was error favorable to appellant.

GAMING—DEFENSES—OWNERSHIP OF MONEY LOST.   It is no defense to an action to recover money lost at gambling that the same was not the property of the plaintiffs.

APPEAL—REVIEW—NEW TRIAL—DISCRETION.   The refusal of a new trial for newly discovered evidence will not be allowed except for abuse of discretion.

APPEAL—REVIEW—HARMLESS ERROR—GAMING.   In an action to recover money lost in gambling, it is harmless error to exclude evidence that the defendants operated a large number of gambling games in the room in question, or that the defendant had pleaded guilty in a criminal prosecution, where the jury found for the plaintiffs and the appeal only involved the amount of the recovery, the appellants claiming that the same was too small.

Cross-appeals from a judgment of the superior court for Thurston county, Linn, J., entered October 15, 1907, upon the verdict of a jury rendered in favor of the plaintiffs, in an action to recover money lost at gambling.   Affirmed.

*R. H. Fry*, for plaintiffs.

*Vance & Mitchell*, for defendant.

ROOT, J.—This was an action by plaintiffs to recover the sum of $600, claimed to have been lost by plaintiff James Crowley at gambling in defendants' saloon.   The defendant

[1]Reported in 95 Pac. 1016.

Rogers made no answer to the complaint, and a default was taken against him. The trial was had against defendant Taylor before the court and a jury, and resulted in a verdict and judgment for plaintiffs in the sum of $305.62. From this judgment each party has appealed.

We will first consider the appeal of defendant Taylor. His first assignment of error is upon the action of the court in using this language in its instructions to the jury, to wit: "This is an action to recover money lost at gambling." Defendant urges that this was assuming that money had been lost, and constituted a comment upon the testimony by the court. Considering the connection in which the language was used, we do not think it should be given this construction. It was not a comment, and we do not think it could have been so construed by the jury.

Defendant next complains of an instruction wherein the jury were told that the defendant Rogers had failed to answer and that a default had been taken against him. As the complaint showed the action to be against two defendants, it was undoubtedly proper for the court to mention why one of the defendants was no longer in the case. We do not think defendant was prejudiced by this action.

Defendant complains that the jury were told that, in order to find for plaintiff, "they must be satisfied by a preponderance of evidence that persons resorted to and visited the place known as 'The Oxford' (defendants' business place) for the purpose of wagering money at gambling games maintained, conducted, opened and carried on at said place by defendants." Defendant urges that it was immaterial whether the gambling occurred in such a place or elsewhere. If this contention be true, it would seem that the jury was called upon to find more facts than were necessary to exist in order to return a verdict against the defendant. If this was error, it would seem to be the plaintiffs rather than the defendant who would have cause to complain thereof.

It is further contended that the court erred in refusing to

give an instruction requested by the defendant, to the effect that the jury could not return a verdict in favor of plaintiffs if they found that the money lost by Crowley was not the property of himself or wife. We think this instruction was properly refused. It is urged that the motion for new trial should have been granted, and especially upon the showing of new evidence as to alleged statements of plaintiff James Crowley inconsistent with his testimony. The granting of a motion for new trial upon such grounds is largely in the discretion of the trial court, and we are not convinced that the showing made in this case was such as to render the denial of the motion an abuse of discretion. Several other errors are assigned, but an examination of them fails to reveal any grounds justifying .a reversal of the judgment.

We will now notice the cross-appeal of plaintiffs. They urge that the trial court erred in excluding evidence to show that the Oxford saloon was maintained as a public gambling resort in which defendants operated a large number of prohibited gambling games. We think this evidence was admissible, but that its exclusion does not constitute a reversible error, for the reason that the rejected evidence had no bearing upon the amount of the recovery. As to the fact of gambling and loss of money, the jury found for plaintiffs; consequently the latter were not injured by the exclusion of this evidence, which was doubtless material upon those questions, but had no bearing upon the amount of recovery.

Plaintiffs urge that their motion for a directed verdict at the close of the trial should have been granted. We think not. There was a conflict in the evidence and as to what it established, and it was for the jury, taking the evidence as a whole, to say as to what were the facts.

What we have here said also applies to the assignment of error upon the action of the court in denying plaintiffs' motion for a judgment notwithstanding the verdict, and as to their motion for a new trial.

33—49 WASH.

It is further urged that the court was in error in excluding the record of the plea of guilty and sentence of defendant Taylor in a criminal proceeding wherein he pleaded guilty to conducting a gambling resort at The Oxford on September 1, 1904. It is unnecessary to pass upon this question as the error, if it was an error, could not have been to the prejudice of plaintiffs, as the jury found in their favor except as to the amount, and the question as to this could not have been legally affected by the proffered evidence.

Finding no error in the record, the judgment of the superior court is affirmed.

HADLEY, C. J., RUDKIN, MOUNT, CROW, and DUNBAR, JJ., concur.